The Honorable Paul Miller State Senator Post Office Box 488 Melbourne, AR 72556-9511
Dear Senator Miller:
 You have requested my opinion concerning the Arkansas Freedom of Information Act ("FOIA"). You indicate that one of your constituents has submitted an FOIA request to the Sharp County Cherokee Village Waterworks Facilities Board for the following items:
• Cash Flow Statement
• Income Statement
• Balance Sheet
• 4th Quarter Budget Comparison Report
• Monthly Manager Activity Report
You have asked whether the requested items are subject to examination by the public under the authority of the FOIA.
RESPONSE
I have not seen the requested records and cannot conclusively opine regarding their release based simply upon their designation or titles. However, as long as the records currently exist[1] and do not contain information relating to security so as to trigger the exemption under A.C.A. § 25-19-105(b)(16) (Supp. 2003), it is my opinion that they likely are open to inspection and copying under the FOIA.[2]
I assume as an initial matter that the requested items fall within the following general definition of "public records" under the FOIA:
 `Public records means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2003).
The pertinent question, therefore, is whether the record(s) fall within an exemption from disclosure, either under the FOIA's list of exemptions, or under an exemption stated in another law that will prevent the record's release. The FOIA provides that public records will be open to inspection by any Arkansas citizen "[e]xcept as otherwise specifically provided by [A.C.A. § 25-19-105] or by laws specifically enacted to provide otherwise." A.C.A. § 25-19-105(a)(1) (Supp. 2003). The applicability of an exemption ultimately requires a factual determination outside the scope of this opinion. Not having seen the requested items in this instance, I cannot make the necessary review to definitively ascertain whether an exemption applies. Because the requested items relate to a waterworks facility, however, reference to A.C.A. §25-19-105(b)(16) is warranted. This provision exempts the following from inspection and copying under the FOIA:
 (A) Records, including analyses, investigations, studies, reports, recommendations, requests for proposals, drawings, diagrams, blueprints, and plans, containing information relating to security for any public water system.
(B) The records shall include:
(i) Risk and vulnerability assessments;
(ii) Plans and proposals for preventing and mitigating security risks;
(iii) Emergency response and recovery records;
(iv) Security plans and procedures; and
 (v) Any other records containing information that, if disclosed, might jeopardize or compromise efforts to secure and protect the public water system.
A.C.A. § 25-19-105(b)(16) (Supp. 2003) (emphasis added).[3]
I cannot determine merely from the identification of the requested items whether this exemption is implicated in this instance. It would seem unlikely that financial records of this nature would contain security information. The custodian of the records must, however, make this determination based on the particular contents of the requested statements and reports. If the records do not contain "information relating to security" for the water system, it is my opinion that they must in all likelihood be released as I am unaware of any other exemption that might apply to records of this nature. But see n. 1, supra.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Under A.C.A. § 25-19-105(d)(2)(C), "[a] custodian is not required to compile information or create a record in response to a request. . . ."
[2] It is of course possible that another exemption might apply, depending upon the particular records' content. See, e.g., A.C.A. §25-19-105(b)(12) (relating to personnel records). However, the applicability of another exemption is not immediately apparent from the titles of the listed items.
[3] This exemption has a so-called "sunset clause." It expires on July 1, 2005. A.C.A. § 25-19-105(b)(16)(C).